IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

PRESTON JEFFERS,                                          Case No.: 1:23-cv-122 (TJM/DJS)

                 Plaintiff,

        -against-                                       **COMPLAINT**

                                                                         **JURY TRIAL DEMANDE**

CUSTOM TIRE & BATTERY, LTD. D/B/A
GRAND PREMIER TIRES & CUSTOM WHEELS
AND JOSEPH PUPELLO.

                                                             Defendants.

-------------------------------------------------------------------------------X

Plaintiff PRESTON JEFFERS (hereinafter "Plaintiff" or "Mr. Jeffers") hereby alleges against Defendants CUSTOM TIRE & BATTERY, LTD. D/B/A GRAND PREMIER TIRES & CUSTOM WHEELS ("Grand Premier") and JOSEPH PUPELLO ("Pupello") (hereinafter collectively "Defendants") as follows:

## NATURE OF THE CLAIMS

1. Plaintiff was an employee at Defendants' tire shop located at 591 Colombia Turnpike, East Greenbush, New York 12061.

2. Defendants' payment schemes resulted in systematic underpayment of wages to Plaintiff in violation of the federal and state wage laws.

3. Plaintiff brings this action to recover unpaid wages owed to him pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") and the New York Labor Law ("NYLL") §§ 650 *et seq.*

1

4. Defendants *willfully* violated the FLSA and NYLL by failing to pay overtime premium pay.

5. Plaintiff alleges pursuant to the FLSA and NYLL that he is entitled to recover from Defendants: (1) unpaid overtime; (2) liquidated damages; (3) interest and; (4) attorneys' fees and costs.

6. In addition, Defendants filed fraudulent tax withholdings to the Internal Revenue Service ("IRS") for Plaintiff without withholding proper Federal and State tax, social security, FICA, and employee withholding deductions. Accordingly, Plaintiff brings this action pursuant to Internal Revenue Code 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully and fraudulently filed tax information forms with the IRS.

7. Plaintiff also brings claims pursuant to the New York State Executive Law § 296 ("NYSHRL") for discrimination, hostile work environment, and retaliation.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

9. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under New York state law.

10. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## PARTIES

**Plaintiff**

13. Plaintiff was and is a resident of the State of New York.

14. Plaintiff is a former employee of Defendants who ostensibly was employed as a tire technician.

**Defendants**

15. Defendant Grand Premier was and is a domestic for-profit corporation organized under the laws of the State of New York, with a principal place of business at 591 Colombia Turnpike, East Greenbush, New York 12061.

16. At all times relevant to this action, Grand Premier has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

17. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the tire shop on a daily basis are goods produced outside of the State of New York.

18. Defendant Joseph Pupello, upon information and belief, was and is a resident of the State of New York.

19. At all times relevant to this action, Defendant Joseph Pupello was and is an executive, director, member, and owner of Grand Premier.

20. Defendant Joseph Pupello exercised control over the employment terms and conditions of Plaintiff and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, and (iii) otherwise affect the quality of employment of Plaintiff.

21. At all times, Plaintiff could complain to Pupello directly regarding any of the terms of his employment, and Pupello would have the authority to affect any changes to the quality and terms of Plaintiff's employment.

22. Defendant Pupello exercised functional control over the business and financial operations of employees, including payments of wages, cash wages, recording hours, tax withholdings, and adhering to Federal and State regulations for employment practices and compensation.

23. At all relevant times, Pupello is an "employer" and is an "enterprise engaged in commerce" within the meaning of the FLSA and the regulations thereunder.

24. At all relevant times, Defendant Pupello owned, operated, and controlled Defendants Grand Premier's day-to-day operations and management and employed Plaintiff.

25. Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees, controlled Plaintiff's work schedule and employment conditions, determined his payment rate, and kept at least some records regarding his employment.

## STATEMENT OF FACTS

26. Defendant Grand Premier is a tire shop located at 591 Colombia Turnpike, East Greenbush, New York 12061.

27. Plaintiff commenced employment at Defendant Grand Premier as a tire technician on or about June 2021 through February 5, 2022.

28. Defendant Pupello is regularly at Defendants' tire shop and instructs employees on what to do, has the authority to hire and terminate employees, change their pay and pay schedules, and maintain records regarding employee hours worked and compensation.

29. Plaintiff's work duties required neither discretion nor independent judgement.

30. At all relevant times, Plaintiff provided non-exempt services at Grand Premier.

31. During employment with Defendants, Plaintiff regularly handled goods in interstate commerce, including supplies produced outside the State of New York.

32. While Plaintiff was employed at Grand Premier, Plaintiff regularly worked an average of sixty-eight (68) hours per week.

33. Defendants compensated Plaintiff a rate of $18.50 per hour for all hours worked.

34. Defendants entirely failed to pay Plaintiff overtime premiums of one and one-half (1.5) of his hourly rate for all hours worked in excess of forty (40) hours a week.

35. Plaintiff was compensated partly in cash during the entirety of his employment with Grand Premier.

**Plaintiff's Claims Under NYSHRL**

36. During the course of his employment with Defendants, Plaintiff was subjected to pervasive racial discrimination, hostile work environment, and retaliation.

37. By way of background, Plaintiff is African-American.

38. The racist comments began within a week of Plaintiff's employment. By way of example, employee MJ walked directly up to Plaintiff, unprovoked, pointed at Plaintiff and stated, "I'm just gonna say it – nigger."

39. Immediately after the incident, Plaintiff went to the office to complain to Defendant Pupello.

40. Defendant Pupello brushed off Plaintiff's complaints at Defendants' workplace as a joke.

41. Pupello was indifferent to and ignored the severity of the racism in Defendants' enterprise.

42. Thereafter, employees at Defendant Grand Premier felt it was appropriate to continue with their racist remarks towards Plaintiff.

43. By way of another example, another employee, Tyler Stillman, told fellow coworkers that Plaintiff was a "new kind" of "Black" – "not one of those ghetto blacks."

44. Racist comments, such as these, happened on several occasions, despite Plaintiff's complaints to management.

45. Most notably, at Defendant Grand Premier, Plaintiff was continually referred to as "boy" – a derogatory term aimed at male African Americans.

46. Plaintiff repeatedly requested that other employees refrain from referring to him in such a derogatory manner, but they persisted.

47. Plaintiff, again, informed management about these degrading remarks. His concerns, were again, brushed off by management; Plaintiff was told he was overreacting.

48. By way of background, African-American adult males were referred to as "boy" to reinforce their racially subordinate status during slavery and segregation in this country.

49. Plaintiff was distraught and continuously dehumanized while employed by Defendants.

50. The most recent instance wherein Plaintiff was a victim of racism and discrimination in the workplace was on February 5, 2022.

51. Mr. Stillman once again referred to Plaintiff as "boy," despite Plaintiff's pleas for management and employees at Defendant Grand Premier to stop referring to Plaintiff in that manner.

52. Plaintiff, once again, requested that Mr. Stillman not refer to him in a derogatory manner.

53. Plaintiff was confronted with anger and aggression.

54. Plaintiff walked away, but was then brought to the management office.

55. Defendant Pupello further chastised Plaintiff when he pled with him about the racist remarks and discriminatory behavior to which he was subjected.

56. Defendant Pupello stated "nobody cares about your feelings" and fired Plaintiff.

57. That at all times herein, Defendant Pupello was well aware of the inappropriate conduct of the employees working at the tire shop towards Plaintiff.

58. That at all times, instead of implementing and enforcing the discrimination laws in the United States and in New York State, Defendant Pupello joined, aided, and condoned the heinous racism and discrimination faced by Plaintiff.

## COUNT I
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

59. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

60. By failing to pay overtime at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants violated and continue to violate the FLSA, 29 U.S.C. §§201 *et. seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

61. Defendants' failure to pay overtime caused Plaintiff to suffer loss of wages and interest thereon. Therefore, Plaintiff is entitled to recover from Defendants his overtime wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NEW YORK LABOR LAW – UNPAID OVERTIME

62. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

63. Defendants willfully violated Plaintiff's rights by failing to pay overtime at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours each week, in violation of the NYLL and the regulations promulgated thereunder.

64. Defendants' failure to pay overtime caused Plaintiff to suffer loss of wages and interest thereon. Therefore, Plaintiff is entitled to recover from Defendants his overtime wages, damages for unreasonably delayed payment of wages, liquidated damaged, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§663(1) *et seq*.

## COUNT III
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE

65. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

66. Defendants have willfully failed to supply Plaintiff notice as required by Article 6 § 195 containing Plaintiff's rate of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other: hourly rate or rates of pay and overtime rate of

pay; regular pay day designated by the employer in accordance with NYL, Article 6, §191; the name of the employer, or any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer plus such other information as the commissioner deems material and necessary.

67. Due to the Defendants' violation of the NYLL, Plaintiff is entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided under NYLL, reasonable attorneys' fees, costs, pre-judgement and post-judgement interest, and injunctive and declaratory relief.

## COUNT IV
## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C.

68. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69. By failing to provide Plaintiff with accurate IRS Forms for all of the tax years during which he was employed by Defendants, and failing to properly record, account for, and report to the IRS all monies actually earned and paid to Plaintiff for all of his work Plaintiff performed during the course of his employment with the Defendants, and failing to properly report correct amounts on IRS forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

**COUNT V**
**NEW YORK STATE HUMAN RIGHTS LAW – DISCRIMINATION AND HOSTILE WORK ENVIRONMENT**

70. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

71. New York State Executive Law § 296 provides that it shall be unlawful "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

72. Defendants engaged in an unlawful discriminatory practice in violation of the New York Executive Law by creating and maintaining discriminatory working conditions and discriminating against the Plaintiff because of his race.

73. The aforesaid discriminatory acts by Defendants, its officers, directors, supervisors, managers and/or employees, including Defendant Joseph Pupello, perpetrated against Plaintiff because of his race, violated Plaintiff's rights under New York State Human Rights Law – Executive Law Article 15 Section 290 *et seq*.

74. Defendants engaged in unlawful discriminatory practices by subjected Plaintiff to racial discrimination and a hostile work environment.

75. As a consequence of the foregoing conduct by Defendants, Plaintiff has sustained and continues to sustain conscious pain and suffering, great mental distress, shock, and humiliation. In addition, Plaintiff has incurred and continues to incur monetary economic

loss as he was subjected to adverse employment action, including the termination of his employment.

76. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of lower Courts.

## COUNT VI
## NEW YORK STATE HUMAN RIGHTS LAW – RETALIATION

77. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

78. New York State Executive Law § 296(7) provides that is shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed practices forbidden under this article."

79. The aforesaid acts of intentional retaliation against Plaintiff by Defendants, its officers, directors, supervisors, managers and/or employees, including Defendant Joseph Pupello violated Plaintiff's rights provided under New York State Human Rights Law – Executive Law Section 290 *et. seq.*

80. As a consequence of the foregoing conduct by Defendants, Plaintiff has sustained and continues to sustain conscious pain and suffering, great mental distress, shock, and humiliation. In addition, Plaintiff has incurred and continues to incur monetary economic loss as he was subjected to adverse employment action, including the termination of his employment.

81. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of lower Courts.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

A. A declaratory judgement that practices complained of herein are unlawful under the FLSA and NYLL;

B. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

C. An award of compensatory damages as a result of the Defendants' failure to pay overtime compensation pursuant to FLSA and the NYLL and supporting regulations;

D. An award of liquidated damages for non-payment of overtime compensation under FLSA and NYLL and supporting regulations;

E. An award of pre-judgement and post-judgement interest;

F. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

G. An award of damages resulting from additional tax debt and additional time and expenses associated with any necessary tax correction;

H. An award to Plaintiff pursuant to his claims under NYSHRL for the conduct complained herein as Plaintiff has suffered and will continue to suffer the loss and/or partial loss of a career and the loss and/or partial loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses, pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, attoreys' fees, and other non-pecuniary losses;

I. All costs and attorneys' fees incurred in prosecuting claims under FLSA, NYLL, and NYSHRL; and

J. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: January 28, 2023
New York, New York

                EMRE POLAT, PLLC
                EMPLOYMENT ATTORNEYS

                /s/ *Emre Polat*
                _____
                Emre Polat, Esq., 704184
                45 Broadway, 14th Floor
                New York, New York 10006
                (212) 480-4500
                emre@emrelaw.com
                *Attorneys for Plaintiff*